UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No. 0:19-cv-61285-RUIZ/SELTZER

DAVID PICOW,

    *Plaintiff*,

v.

SPROUT IRA, LLC.

    *Defendant*.

_____/

# DEFENDANT SPROUT IRA'S MOTION TO DISMISS
# PLAINTIFF DAVID PICOW'S AMENDED COMPLAINT

Defendant Sprout IRA, LLC ("Sprout IRA") moves, pursuant to Fed. R. Civ. P. 12(b)(6), for entry of an order dismissing Plaintiff David Picow's ("Picow") Amended Complaint [ECF No. 4] with prejudice for failure to state a claim upon which relief may be granted by the Court.

First, Picow failed to disclose this lawsuit as an asset in his petition for Chapter 13 relief filed in the United States Bankruptcy Court for the Southern District of Florida, and therefore any monetary recovery in this case is barred on the basis of judicial estoppel. Picow is seeking money from Sprout IRA for alleged violations of the Telephone Consumer Protection Act ("TCPA"). However, Picow's claims for monetary relief are judicially estopped because he failed to disclose them in his bankruptcy proceeding.

Second, Picow failed to adequately plead that he will suffer irreparable harm, a likely future injury or an injury that cannot be redressed by an award of money damages under the TCPA, such that he should be entitled to an equitable remedy of injunctive or declaratory relief.

## PROCEDURAL POSTURE

On May 21, 2019, Picow filed this lawsuit against Sprout Financial, LLC ("Sprout Financial") and served that entity. [ECF No. 1]. On June 10, 2019, Picow amended his pleading

1

and named Sprout IRA as the defendant, instead of Sprout Financial. [ECF No. 4]. Picow did not obtain a summons from the Clerk of Court for Sprout IRA. Instead, Sprout IRA agreed to waive service, but Picow's counsel would not agree that Sprout IRA would be entitled to 60 days to respond to the Amended Complaint pursuant to Fed. R. Civ. P. 4(d)(3). Picow's counsel only agreed to allow Sprout IRA 30 days to respond, *i.e.*, 9 days beyond the standard 21-day response time under the Federal Rules. This motion is timely filed per that arrangement.

### PICOW'S BANKRUPTCY ACTION BEFORE JUDGE OLSON

Picow filed a petition for Chapter 13 Voluntary Bankruptcy on February 19, 2019, in which he signed under penalty of perjury that the information he provided was true and correct. That action (the "Bankruptcy Case") is captioned *In re: David L. Picow*, Case No.: 19-12154-JKO, and is assigned to the Honorable John K. Olson of the United States Bankruptcy Court for the Southern District of Florida. A copy of Picow's Chapter 13 Voluntary Petition for Bankruptcy is attached as **Exhibit A**, of which this Court may take judicial notice (the "Bankruptcy Petition").[1] Picow is represented by counsel in the Bankruptcy Case.

In the Bankruptcy Petition, Picow disclosed five lawsuits pending against him by creditors. *Id.* p. 51. With respect to claims against third-parties or contingent and unliquidated claims, Picow checked the boxes for "No." *Id.* p. 16.

On April 17, 2019, Picow amended his Bankruptcy Petition to identify collateral surrendered to a creditor and direct payments he made to creditors that would reduce the amount of

---

[1] The Court may take judicial notice of the filings in Picow's bankruptcy case. *First Nat'l Bank of Oneida, N.A. v. Brandt*, 887 F.3d 1255, 1259 (11th Cir. 2018); *Bobadilla v. Aurora Loan Servs., LLC*, 478 F. App'x 625, 627 (11th Cir. 2012) (stating that "[a] court may take judicial notice of its own records and the records of inferior courts," and finding district court did not err in taking judicial notice of appellant/plaintiff's bankruptcy proceeding). The bankruptcy court is "a unit of the [D]istrict court." 28 U.S.C. § 151; *see* 157(a), S.D. Fla. L.R. 87.2(a) and S.D. Fla. Administrative Order 2012-25.

debt to be repaid and create a downward adjustment of his monthly payments under his Chapter 13 Plan. A copy of Picow's First Amended Bankruptcy Petition is attached as **Exhibit B**.

On May 21, 2019, Picow filed this lawsuit and on June 10, 2019 he filed the Amended Complaint. In the interim, the Bankruptcy Case docket reflects that a Chapter 13 confirmation hearing occurred before Judge Olson on June 3, 2019, and on June 14, 2019, Judge Olson issued an Order Confirming Picow's Chapter 13 Plan. At no time before or after filing this lawsuit has Picow amended his bankruptcy schedules to disclose this lawsuit as an asset.

As set forth herein, Picow should be barred from obtaining a monetary recovery in this lawsuit on the basis of judicial estoppel because of his intentional failure to disclose this lawsuit in his Bankruptcy Case.

## STANDARD OF REVIEW

The Eleventh Circuit has adopted the Supreme Court's "two-pronged approach" in evaluating a motion to dismiss: "1) eliminate any allegations in the complaint that are merely legal conclusions; and 2) where there are well-pleaded factual allegations, 'assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.'" *Am. Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1290 (11th Cir. 2010) (*quoting Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009)).

Once a complaint is stripped of conclusory assertions, its factual allegations must "contain enough information regarding the material elements of a cause of action to support recovery under some viable legal theory." *Am. Fed'n Labor & Congress of Indus. Orgs. v. City of Miami*, 637 F.3d 1178, 1186 (11th Cir. 2011) (internal quotations omitted). A complaint must be dismissed under Rule 12(b)(6) where it fails to supply direct or "inferential allegations from which [the court] can

identify each of the material elements necessary to sustain a recovery under some viable legal theory." *Roe v. Aware Woman Ctr. for Choice, Inc.*, 253 F.3d 678, 684 (11th Cir. 2001)).

## LEGAL ARGUMENT

### I.     Legal Standard For Judicial Estoppel

"A debtor who has filed for bankruptcy must file sworn disclosures listing his debts and his assets, including any pending civil claims, and identifying any lawsuits he has filed against others. When a debtor fails to list a pending civil claim as an asset in a bankruptcy proceeding, the equitable doctrine of judicial estoppel allows a court to exercise its discretion to dismiss the debtor's civil claim." *Weakley v. Eagle Logistics*, 894 F.3d 1244, 1245-46 (11th Cir. 2018), *cert. denied*, 2019 WL 113407 (U.S. Jan. 7, 2019) (quoting *Slater v. U.S. Steel Corp.*, 871 F.3d 1174, 1176, 1180 (11th Cir. 2017).[2]

In the Eleventh Circuit, a lawsuit seeking monetary relief is an asset that qualifies as property of the bankruptcy estate. *Robinson v. Tyson Foods, Inc.*, 595 F.3d 1269, 1274-75 (11th Cir. 2010). Furthermore, "[i]n a Chapter 13 case, the duty to disclose applies to property (including causes of action) *acquired both before and after a petition is filed*." *Evans v. Potter*, 2009 WL 529599, at *2 (N.D. Ga. Feb. 27, 2009) (emphasis supplied); *Robinson*, 595 F.3d at 1276 (finding a continuing duty to amend under Chapter 13 and that the plaintiff had a duty to disclose her discrimination lawsuit filed after the petition); *see* 11 U.S.C. § 1306(a)(1).

The Eleventh Circuit "employs a two-part test to guide district courts in applying judicial estoppel: whether (1) the party took an inconsistent position under oath in a separate proceeding, and (2) these inconsistent positions were 'calculated to make a mockery of the judicial system.'" *Slater*, 871 F.3d at 1181 (finding that the standard applies to both Chapter 7 and 13

---

[2] Unless otherwise indicated, the legal citations in this memorandum do not include internal citations and quotations.

4

bankruptcy proceedings); *De Leon v. Comcar Indus., Inc.*, 321 F.3d 1289, 1291 (11th Cir. 2003). The two-part test directs the district court to consider both the plaintiff's actions and motive. *Slater*, 871 F.3d at 1181.

"Judicial estoppel operates as an equitable doctrine, invoked at the court's discretion, which precludes a party from asserting a claim in a legal proceeding inconsistent with a claim made in a previous proceeding." *Burnes v. Pemco Aeroplex, Inc.*, 291 F.3d 1282, 1285 (11th Cir. 2002) [overruled in part by *Slater* on other grounds]. The doctrine exists to protect the integrity of the judicial process by prohibiting parties from deliberately changing positions according to the exigencies of the moment. *Id.* (quoting *New Hampshire v. Maine*, 532 U.S. 742, 750 (2001))." *Weakley v. Eagle Logistics*, 2017 WL 3781339 (N.D. Ala. Aug. 31, 2017), *aff'd by*, 894 F.3d 1244, 1247 (11th Cir. 2018) ("Judicial estoppel serves to prevent the perversion of the judicial process and protect its integrity.").

### A. Picow Has Taken Inconsistent Positions

Picow has taken inconsistent positions between this lawsuit and his bankruptcy action. Under controlling Eleventh Circuit precedent, a litigant is deemed to be "tak[ing] inconsistent positions in [] two judicial proceedings by asserting in the civil lawsuit that he has a claim against the defendant while denying under oath in the bankruptcy proceeding that the claim exists." *Slater*, 871 F.3d at 1176. "Because the bankruptcy court relies on the information disclosed by a debtor, the Court cannot overemphasize the importance of full disclosure." *Weakley*, 2017 WL 3781339 at * 4.

Moreover, controlling Eleventh Circuit precedent holds that a debtor also has a *continuing duty* to amend his bankruptcy filings. A debtor's continuing duty does not "end once the forms are submitted to the Bankruptcy Court; rather a debtor must amend his financial

statements if circumstances change." *Robinson v. Tyson Foods, Inc.*, 595 F.3d 1269, 1276 (11th Cir. 2010) (finding plaintiff had a duty to amend her asset schedules to disclose her subsequently filed employment discrimination lawsuit); *Weakley*, 2017 WL 3781339, at *4 (finding that "[a]lthough Plaintiff made no direct misrepresentation under oath," he failed to amend and include the subsequent lawsuit which constitutes an inconsistent position).

An opinion issued two months ago by the Honorable Abdul K. Kallon of the Northern District of Alabama in *Jones v. Savage Servs. Corp.*, 2019 WL 2058715, at *3 (N.D. Ala. May 9, 2019) is particularly instructive. In *Jones*, Judge Kallon surveyed and applied controlling Eleventh Circuit precedent and granted a motion to dismiss monetary claims where the plaintiff, *inter alia*, failed to comply with his continuing duty to amend his bankruptcy petition to disclose his later filed lawsuit seeking monetary damages.

Here, Picow filed his Chapter 13 Bankruptcy Petition before filing his TCPA lawsuit. On April 17, 2019 Picow amended his Bankruptcy Petition to reflect a change in circumstances that benefited him, *i.e.*, that he had paid down some of his debts that were subject to the Bankruptcy Plan, thereby acknowledging his understanding of his continuing duty to amend based on new circumstances.

Picow filed this lawsuit about month later, on May 21, 2019. The Bankruptcy Case docket reflects that there was a hearing before Judge Olson about two weeks after he filed this suit, which sought confirmation of his Bankruptcy Plan. Yet the docket does not reflect an amendment to the Plan, before or after the hearing, to disclose the present action. Notably, this action was and is pending in the same district—in fact, in the same building. Approximately a week after the bankruptcy hearing and before an order had issued on his Bankruptcy Plan, Picow then amended his complaint in this action on June 10, 2019 to substitute a new defendant. In

6

short, as the dockets reflect, there was significant, simultaneous activity by Picow in both cases. Regardless, he again did not amend his disclosures to include this case. Despite amending his Bankruptcy Petition to reflect the beneficial change in circumstance related to his paying down debts, like the plaintiff in *Jones*, at no time has Picow amended to disclose this lawsuit as an asset that is properly part of the bankruptcy estate.

As result of Picow's failure to amend his Petition he has violated his *continuing duty* to amend his Bankruptcy Petition to disclose later filed lawsuits and has thus, as a matter of law, taken inconsistent positions. *Slater*, 871 F.3d at 1182. As such, Sprout IRA has satisfied the first prong of judicial estoppel to bar Picow's undisclosed monetary claims in this lawsuit.

### B. Picow's Conduct Is Designed to Make a Mockery of the Judicial System

The second prong of judicial estoppel requires the Court to determine if the plaintiff intended to make a "mockery of the judicial system." *Slater*, 871 F.3d at 1180. The Eleventh Circuit has held that in analyzing the intent prong of judicial estoppel a "district court should consider all the facts and circumstances of the case." *Slater*, 871 F.3d at 1176. *Slater* overruled portions of prior circuit court decisions "that permitted the inference that a plaintiff intended to make a mockery of the judicial system simply because he failed to disclose a civil claim," in favor of a totality of circumstances analysis. *Id*. The rule now is that plaintiff's failure to disclose is properly deemed inadvertent when "the debtor either lacks knowledge of the undisclosed claims or has no motive for their concealment." *Slater*, 871 F.3d at 1178; *Harewood*, 2018 WL 1156010, at *4.

In *Slater* the Eleventh Circuit identified a non-exhaustive set of factors that the district court may consider, including, "Plaintiff's level of sophistication, whether and under what circumstances the Plaintiff corrected the disclosures, whether the Plaintiff told his bankruptcy

7

attorney about the civil claims before filing the bankruptcy disclosures, whether the trustee or creditors were aware of the civil lawsuit or claims before the Plaintiff amended the disclosures, whether the plaintiff identified other lawsuits to which he was party, and any findings or actions by the bankruptcy court after the omission was discovered." *Id*. at 1185.

The Court should also consider that "a financial motive to secret assets exists under Chapter 13 … because the hiding of assets affects the amount to be discounted and repaid." *De Leon*, 321 F.3d at 1291, *Weakley*, 894 F.3d at 1246-47 (affirming judicial estoppel based, in part, on the potential financial benefit to plaintiff by not disclosing). The Eleventh Circuit has "acknowledged that a Chapter 13 debtor would always have a potential motive to conceal a civil claim from creditors so as to keep the proceeds for herself and den[y] the creditors a fair opportunity to claim what was rightfully theirs." *Slater*, 871 F.3d at 1184.

Here, there are several factors that weigh in Sprout IRA's favor and against finding that Picow's failure to disclose this lawsuit was intended to make a mockery of the judicial system and not an inadvertent or innocent mistake. While a level of sophistication is not a required finding, the bankruptcy records reflect that Picow is a private banker at Wells Fargo, where he has been employed for last eight years, and that he was sophisticated enough to know he was required to disclose lawsuits—he disclosed five other lawsuits and knew to amend his petition when it was to his advantage. *See, e.g., Harewood*, 2018 WL 1156010, at *4 (finding that the factor of sophistication weighed against plaintiff's position of innocence where he participated in the operation of a business, despite his level of education); *Henderson v. U.S. Security Assocs., Inc.*, 2018 WL 5044634, at *3 (N.D. Ga. Oct. 17, 2018) (finding that even where plaintiff's level of sophistication weighed against intent, that based on a totality of the circumstance plaintiff's FLSA claim was judicially estopped); *Jones*, 2019 WL 2058715, at *3 ("because the plaintiff certainly

8

knew about his claim and possessed a motive to conceal it, the court could infer from the record his intent "to make a mockery of the judicial system.") (citing *De Leon*, 321 F.3d at 1292).

The potential to obtain funds outside the allocations approved in the Bankruptcy Plan is motivation not to disclose a newly filed lawsuit. *Robinson*, 595 F.3d at 1276; Weakley, 894 F.3d at 1246-47. Additionally, Picow's aspiration to be a class representative in this lawsuit provides a further financial motive to conceal it from the Trustee. Here, should a class be certified, Picow's role as class representative could entitle him to thousands of dollars in incentive pay,[3] which under the present approved Bankruptcy Plan, would not become part of the estate, which improperly benefits Picow and jeopardizes the integrity of the judicial process.

Picow affirmatively disclosed other lawsuits in his Bankruptcy Petition, which is another factor that weighs against an argument that his failure to disclose this lawsuit was unintentional. When a plaintiff identifies other lawsuits, particularly those dealing with their liabilities, but not assets, the factor weighs in favor of judicial estoppel. *Harewood*, 2018 WL 1156010, at *5 (considering that plaintiff had disclosed other lawsuits regarding his liabilities, his failure to amend to disclose the instant lawsuit weighed against plaintiff); *Weakley*, 894 F.3d at 1246-47 (affirming judicial estoppel where disclosed lawsuits had much less value than that undisclosed lawsuit which "indicates a motive to exclude the potentially more lucrative" lawsuit); *Wholesalecars.com v. Hutcherson*, 2018 WL 1509509, at *5 (N.D. Ala. Mar. 27, 2018) (finding a plaintiff's actions intentional where she amended her bankruptcy schedule to include additional liability, and did not include a recently obtained right to payment from an undisclosed arbitration proceeding; plaintiff was judicially estopped from enforcing arbitration award).

---

[3] See, e.g., *James v. JPMorgan Chase Bank, N.A.*, 2017 WL 2472499, at *2 (M.D. Fla. June 5, 2017) ("a $5,000 fee is in line with ... incentive awards that courts have approved in comparable TCPA matters.") (ellipsis in original).

Here, Picow identified five pending lawsuits filed against him by American Express, Bank of America, Discover Bank and two suits by a debt collection agency, all of which were pending at the time he filed his Bankruptcy Petition. *See* Exhibit A, p. 51. Picow disclosed these liability-based lawsuits filed by his creditors, and, despite being represented by counsel, subsequently failed to amend his Bankruptcy Petition to disclose this asset-producing lawsuit, which demonstrates that his inaction was not unintentional. Rather, Picow's action "indicates a motive to exclude the potentially more lucrative" lawsuit, particularly as he pursued the position of class representative, which may carry a substantial incentive award, above and beyond what would be recovered by class members generally. *Weakley*, 894 F.3d at 1246-47.

Similarly, where a plaintiff only amends or offers or attempts to amend a bankruptcy petition after being exposed by the defendant in the subsequent civil action, which Picow may attempt here, there is a "strong inference of intentional manipulation" and this factor weighs against the plaintiff. *Weakley*, 2017 WL 3781339, at *5 (finding that failure to disclose lawsuit to bankruptcy court until after it was raised by the defendant in the lawsuit as grounds for dismissal indicate an intent to conceal); *Jones*, 2019 WL 2058715, at *3 (same).

To the extent that Picow seeks to reopen his recently approved Plan and allow him to amend his Bankruptcy Petition in response to this motion in an effort to avoid judicial estoppel, "the Eleventh Circuit has not accepted a debtor's stratagem of waiting for the opposing side to raise the doctrine of judicial estoppel and then amending Bankruptcy schedules as a proper means of rectifying the fault and avoiding the consequences of judicial estoppel." *Jones*, 2019 WL 2058715, at *4 (quoting *Bros. v. Bojangles' Restaurants, Inc.*, 2013 WL 6145332, at *9 (N.D. Ala. Nov. 21, 2013). This relief would allow debtors to "always undo the application of

the judicial estoppel doctrine [and] render it toothless." *Jones*, 2019 WL 2058715, at *4 (quoting *Weakley v. Eagle Logistics*, 894 F.3d 1247).

On the whole, the factors weigh in favor of a finding that Picow's omission was designed to make a mockery of the judicial system. He is a sophisticated private banker with one of the country's largest financial institutions, where he has been employed for almost a decade. He is seeking financial damages and to be a class representative in this lawsuit, which provides a financial motive to not disclose this action, so he avoids having to include such funds in the allocation to creditors in his Chapter 13 bankruptcy.

Picow disclosed five other liability lawsuits in his Bankruptcy Petition but failed to that amend to add this asset-producing lawsuit, so that its value was concealed from the Trustee. Furthermore, Picow knew to amend his Petition when it was to his advantage, to lessen his obligations, but despite simultaneous significant activity occurring in both cases, he did not amend to reveal this case.

Based on the totality of the circumstances here, Picow's actions and inactions demonstrate his intent to make a mockery of the judicial system by concealing this lawsuit in which he seeks to recover monetary damages. Based on the facts and the law set forth herein, he should be judicially estopped from so doing.

**II.   Picow's Request for Declaratory and Injunctive Relief Should Be Dismissed**

In paragraph 65(1)[4] of the Amended Complaint, Picow seeks "A declaration that Defendant [sic] practices described herein violate the Telephone Consumer Protection Act, 47 U.S.C. § 227." ECF No. 4, ¶ 65(1). Last month's opinion by the Honorable Ursula Ungaro in

---

[4] The "declaratory" relief that Picow references in paragraph 65(2) of the Amended Complaint is not actually a request for declaratory relief. It is merely a repackaging of Count 2 of the Amended Complaint, where he is seeking that monetary damages be trebled. For the reasons discussed herein, Picow is judicially estopped from seeking any monetary damages.

11

*Wijesinha v. S. Fla. MGS, LLC*, 2019 WL 2610523 (S.D. Fla. June 4, 2019)—a putative TCPA class action, just like this case—demonstrates why this request for declaratory relief should be dismissed. In *Wijesinha*, Judge Ungaro found that in order to obtain declaratory relief for a TCPA claim, "a plaintiff must allege facts from which it appears there is a substantial likelihood that he will suffer injury in the future." *Id.*, at *3 (citing *Walden v. Ctrs. for Disease Control and Prevention*, 669 F.3d 1277, 1284 (11th Cir. 2012). Judge Ungaro noted, that in "the amended complaint, Plaintiff does not assert that any violative conduct since she received the text message in February of 2019. Not only are there no allegations of continuing violations, but there are no allegations of likely future violations." *Wijesinha*, 2019 WL 2610523, at, 3. Judge Ungaro thus "agree[d] that Plaintiff has failed to sufficiently allege or demonstrate that she is likely to suffer injury in the future." *Id.*

The same result should follow here. Picow only specifically discusses the details of a single text message, which was sent more than three weeks before he filed his Amended Complaint. ECF No. 4, ¶ 65. Likewise, the verbs that Picow uses throughout his Amended Complaint uniformly refer to conduct that has occurred in the past, using the past and pluperfect tenses, for example:

- Paragraph 5: "Defendant knowingly and willfully *violated* the TCPA…"

- Paragraph 8: "Defendant's tortious conduct against Plaintiff *occurred* within this district…"

- Paragraph 29: "Plaintiff himself *was sent* marketing text messages…"

- Paragraph 32: "Plaintiff *received* the subject text messages within this judicial district and, therefore, Defendant's *violation of the TCPA occurred* within this district."

- Paragraph 37: "Defendant, through their direction, *utilized* a combination of hardware and software systems to send the text messages at issue in this case…"

- Paragraph 38: "Defendant's unsolicited text messages *caused* Plaintiff actual harm… . Defendant's text messages also *inconvenienced* Plaintiff and *caused* disruption to his daily life… . Plaintiff *received* the subject text message while he was at work, causing him to stop his work activities to check his phone."

- Paragraph 54: "These calls *were made* without regard to whether Defendant had first obtained express written consent…"

- Paragraph 57: "Plaintiff and the other members of the putative Class *were harmed*…"[5]

Picow's references to past conduct likewise doom his request for injunctive relief. As the United States Supreme Court has held, a "plaintiff seeking a permanent injunction must satisfy a four-factor test before a court may grant such relief. A plaintiff must demonstrate: (1) that it has suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction." *eBay Inc. v. MercExchange, L.L.C.*, 547 U.S. 388, 391 (2006). Picow has not met that standard.

An opinion issued last month by the Honorable Gregory Presnell in *Picton v. Greenway Chrysler-Jeep-Dodge, Inc.*, 2019 WL 2567971 (M.D. Fla. June 21, 2019)—another putative TCPA class action—demonstrates why Picow's requests for declaratory and injunctive relief should fail. As Judge Presnell found, "[i]n this circuit, at the motion to dismiss stage, 'a prayer for injunctive and declaratory relief requires an assessment ... of whether the plaintiff has sufficiently shown a real and immediate threat of future harm.'" *Picton*, 2019 WL 2567971, at, *3 (citing *Elend v. Basham*, 471 F.3d 1199, 1205 (11th Cir. 2007). Judge Presnell then noted that the plaintiff "does not even attempt to demonstrate that he has alleged a real and immediate

---

[5] All emphasis in the bullet point excerpts from Picow's Amended Complaint are supplied.

13

threat of receiving additional voicemails from [the defendant]. His requests for injunctive and declaratory relief will therefore be dismissed." *Id.*

The Eleventh Circuit has also made clear that a plaintiff seeking injunctive relief under the TCPA must establish that there is a likelihood of future harm and the inadequacy of a remedy at law. *See Lary v. Trinity Physician Financial & Ins. Services*, 780 F.3d 1101, 1107 (11th Cir. 2015) (reviewing the denial of an injunction under the TCPA and holding that "[b]ecause [the plaintiff] established neither a likelihood of future harm nor the inadequacy of his remedy at law, he was not entitled to an injunction.").

## CONCLUSION

For the reasons stated herein, the Court should dismiss Picow's Amended Complaint, *with* prejudice, enter judgment in favor of Sprout IRA and against Picow and award Sprout IRA such other or further relief, as the Court deems just and proper.

Dated: July 24, 2019

By: *s/ Aaron S. Weiss*
Stacey K. Sutton (FBN 289530)
Email: ssutton@carltonfields.com
Jennifer Yasko (FBN 109604)
Email: jyasko@carltonfields.com
Carlton Fields, P.A.
525 Okeechobee Boulevard, Suite 1200
West Palm Beach, Florida 33401
Telephone: (561) 659-7070

Aaron S. Weiss (FBN 48813)
Email: aweiss@carltonfields.com
Carlton Fields, P.A.
100 S.E. Second Street, Suite 4200
Miami, Florida 33131
Telephone: (305) 530-0050

*Attorneys for Sprout IRA, LLC*